## COYLE v. SOUTHERN RAILWAY COMPANY.

1. The rule of the Railroad Commission of this State, fixing train rates of fare, is admissible in evidence on the trial of a case involving a controversy as to what amount a conductor was entitled to demand from a passenger without a valid ticket for transporting him from a station outside of this State to a station within the same.

2. A railroad-ticket having thereon a special contract signed by the person to whom such ticket was issued, stipulating that it shall be good for the passage of that person only, does not entitle any other person to transportation; nor has a purchaser from the original holder any right to act upon an assurance given by a ticket-agent that the ticket will be accepted for such purchaser's passage, when it is in the contract further stipulated that no agent shall have authority to alter, modify, or waive in any particular the terms or conditions therein set forth.

3. Under the common law, which, unless the contrary appears, is presumptively of force in any given State of the American Union whose jurisprudence is founded thereon, a carrier of passengers has the right to make reasonable rules and regulations for the conduct of its business. A rule of a railroad company, operative in the State of Tennessee, requiring passengers who fail to supply themselves with tickets sold at three cents per mile to pay conductors cash fares at the rate of four cents per mile, is reasonable.

4. One who offers to purchase a railroad-ticket to be used upon a given train after the ticket-office, so far as relates to the sale of tickets for that train, has been lawfully closed, can not demand the right to ride upon that train without paying the train rate of fare ; nor can one who has been transported upon a train from one station to another without producing a ticket or tendering the proper fare claim the right to resume his journey on that train from the latter station without making a proper settlement for the ride he has actually been permitted to take thereto.

5. When a passenger was lawfully ejected from a train and prevented from re-entering the same, he had no cause of action unless more force than was necessary to accomplish these ends was employed.

Argued October 2,—Decided October 31, 1900.

Action for damages. Before Judge Fite. Whitfield superior court. April term, 1900.

*R. J. & J. McCamy,* for plaintiff.
*Shumate & Maddox,* for defendant.

LUMPKIN, P. J. An action was brought by Coyle against the Southern Railway Company, in which the plaintiff claimed damages for an alleged wrongful ejection from a train of the defendant. The jury found in favor of the latter, and Coyle excepted to a judgment denying him a new trial. The evidence, taken most favorably for the plaintiff, made in substance the following case: He purchased in Chattanooga, Tenn., a railroad-ticket from that point to Dalton, Ga., which had been issued to a woman, and which, under the terms of a special contract constituting a part of the same and signed by her, was good for passage for herself only over the defendant's road. This contract also embraced a stipulation that no agent or employee of the company had authority to alter, modify, or waive in any par-

ticular the conditions in the contract set forth.   The plaintiff "doubted the validity of the said ticket," but, upon exhibiting the same to the company's ticket-agent at Chattanooga, was informed by the latter that the plaintiff could ride upon it from Chattanooga to Dalton.   After receiving this information, he boarded a train of the defendant and presented the ticket to the conductor, who declined to honor it for passage, but nevertheless took it up and demanded of the plaintiff $1.40, the train rate of fare between the stations above mentioned.   The plaintiff declined to pay this sum, but tendered $1.15, which he claimed was the ticket rate of fare between these points.   On reaching Ooltewah, a station in the State of Tennessee, the conductor required the plaintiff to leave the train. He alighted therefrom and undertook to purchase from the agent there a ticket to Dalton.   The agent, being engaged in other duties, refused to sell the plaintiff a ticket; but, in the presence of the conductor, informed him that he would be transported to Dalton, his destination, at the ticket rate of fare.   To this remark the conductor made no reply.   The plaintiff then again boarded the train, and after it had started the conductor repeated his demand for $1.40, and the plaintiff once more tendered him $1.15, which was not accepted.   When the train arrived at Apperson, Tenn., the next station, the plaintiff was· ejected,·and, at the instance of the conductor, forcibly prevented by another official of the company from again entering the train before it resumed the journey.   The official just mentioned used no more force than was actually necessary to prevent the plaintiff from entering the train, and, after it was under way, released him, and did not, otherwise than as narrated, interfere with his movements or commit upon him any act of violence or discourtesy.   The defendant introduced in evidence Rule 8 of the Railroad Commission of Georgia, which declares that: "When a railroad company has provided agents and offices ready and open for the sale of tickets, and passengers for want of proper diligence fail to supply themselves therewith before getting on the train, then four (4) cents per mile for each passenger twelve years old and over, and two (2) cents per mile for each passenger over five years old and under twelve, may be demanded and collected; provided, however, offices at way-stations may be closed one minute before the arrival of trains." It was also proved that the rules and regulations of the railway company operative in the State of Tennessee were, as to the matter

of paying fares upon trains, closing ticket-offices, etc., etc., identical with the official rule on the subject of force in the State of Georgia. The court instructed the jury that the ticket upon which Coyle undertook to ride did not authorize him to do so, and that he was not entitled to passage thereon. Also, that he was not entitled to demand a ticket at Ooltewah, for the reason that it was the right of the company to close its ticket-office one minute before the arrival of the train upon which the ticket desired was to be used; and further, that under the undisputed facts of the case the plaintiff was not entitled to recover, unless the servants of the company used more force than was necessary in putting Coyle off the train or in keeping him from getting back upon it.

1. Rule 8 of the Railroad Commission of Georgia was admitted in evidence over the plaintiff's objection that it was inadmissible, for the reason that his ejection from the defendant's train occurred in the State of Tennessee. This rule was certainly relevant, nevertheless. It must be borne in mind that the plaintiff's contemplated journey on the defendant's train was from a point in the State of Tennessee to a point in the State of Georgia. He was insisting on the right to ride from the one to the other at the rate of three cents per mile. Being without a ticket, it was the conductor's duty to make a lawful charge and require the passenger to pay the same in cash. As to so much of the journey as lay within the limits of the State of Georgia, the conductor was bound by the official rule promulgated by our railroad commission, and it is therefore clear that the company had a right to introduce this rule in evidence for the purpose of showing that its conductor, in demanding four cents per mile for the entire trip, was certainly authorized so to do so far as the Georgia portion of the journey was concerned.

2. The next question presented is: was the plaintiff entitled to ride upon the ticket which he presented to the conductor? Clearly, he was not. He purchased it with a doubt of its validity; and even if, in point of fact, the assurance of the ticket-agent in Chattanooga really satisfied Coyle that the ticket would be honored for his passage, he had no right whatever to rely upon what this agent told him; for the ticket itself plainly showed upon its face that it was not good except in the hands of the woman to whom it was issued, and distinctly informed him that no agent of the company had any authority to vary its terms in any particular.

3. Was the conductor right in demanding of Coyle four cents a mile for the entire journey from Chattanooga to Dalton, after properly informing him that he could not ride upon the ticket? This question should be answered in the affirmative. Being without a valid ticket, Coyle had no right to passage without paying the train rate of fare. This rate, under the company's rules of force in the State of Tennessee, was four cents a mile — exactly what the conductor demanded. It surely can not be said that these rules were unreasonable. There being no evidence of any Tennessee law to the contrary, it will be presumed that the common law prevails in that State; and, under the common law, a carrier has the right to make and enforce all reasonable rules and regulations looking to a proper conduct of the business of transporting passengers. As will have been seen from what has been said above, the conductor's demand of four cents a mile was allowable, under the official regulations prevailing in Georgia, for so much of the journey as came within its operation. It follows that the expulsion of Coyle from the train at Ooltewah was authorized and proper.

4. The next inquiry is: was the plaintiff in any better position because of his attempt to purchase at that station a ticket from there to Dalton? We think not, and for two reasons. In the first place, he applied for the ticket after the office, so far as selling tickets for that train was concerned, had, agreeably to the regulations of the company of force in Tennessee, been lawfully closed. If, therefore, the beginning of his journey had been at Ooltewah, it would have been lawful to charge him four cents a mile from there to Dalton, because he was without a ticket and without a sufficient excuse for failing to procure one. Secondly, even if the statement of the agent at Ooltewah would, ordinarily, have bound the company to transport Coyle from that station to Dalton at the ticket rate of fare, he knew, or ought to have known, that he could not, under the facts as they existed, rely upon this statement; for he was aware of the fact (not communicated to the agent) that he had made default in settling for his passage from Chattanooga to Ooltewah. Even if he had procured a ticket at the latter place, the conductor would not have been bound to allow him to complete his journey on that ticket without first settling what he owed the company for his ride from Chattanooga to Ooltewah. It seems, moreover, that Coyle fully recognized the right of the company to

collect fare from him for the whole journey, for he persisted, even after again entering the train at Ooltewah, in tendering in a lump sum $1.15, which he erroneously claimed was all the conductor had a right to exact for the whole journey.   This tender was predicated, as he contended, upon a rate of three cents per mile, and the plaintiff never did at any point offer to pay, as he surely ought to have done, four cents a mile for his journey between Chattanooga and Ooltewah.   Even had he tendered four cents a mile from the latter station to his destination, without making a like tender for the initial portion of his journey, he would not have been entitled to remain upon the train; for, so far as appears, the amount thus offered would have fallen short of the sum requisite to make four cents a mile between Chattanooga and Ooltewah and three cents a mile from the latter point to Dalton.   Indeed, we are by no means prepared to say that, after having forced the conductor to eject him at Ooltewah, the company was under any legal duty to further transport Coyle on that train, notwithstanding he might have then offered to comply with the conductor's original demand of $1.40, the train rate of fare between Chattanooga and Dalton.   In this connection see *Ga. So. & Fla. R. R. Co.* v. *Asmore*, 88 *Ga.* 529, 530.

·5. It follows from the foregoing that the court was right in charging the jury that Coyle was entitled to no recovery unless the company's servants, in expelling him from the train or in preventing him from re-entering it at Apperson, used more than the necessary amount of force.   On this point there was no conflict in the evidence, the plaintiff himself conceding that nothing more was done than was absolutely necessary to get him off the train and keep him off.

*Judgment affirmed.   All concurring, except Little, J., absent.*